UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 06-CV-237-KKC

CLIFFORD SKIDMORE                                                                          PLAINTIFF

v.                    **MEMORANDUM OPINION AND ORDER**

RON JOHNSON, ET AL.                                                                     DEFENDANTS

Clifford Skidmore, an individual incarcerated in the Harlan County Detention Center in Harlan, Kentucky, has filed a *pro se* complaint, pursuant to 42 U.S.C. §1983, and a motion to proceed *in forma pauperis*. His motion to proceed as a pauper will be granted by separate Order.

The complaint is now before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted. For the reasons to be discussed below, the instant complaint will be dismissed.

CLAIMS

The defendants are Harlan Circuit Judge Ron Johnson and Public Defender Robert Thomas. Robert Thomas was Skidmore's criminal attorney at one point; it is unclear if he still represents the plaintiff. Skidmore claims that the defendants have: (1) violated his speedy trial rights; and (2)

changed a misdemeanor on an indictment to a felony on the same case number.

## PREVIOUS LITIGATION

On February 6, 2006, the *pro se* plaintiff filed a §1983 complaint in this Court, being London Civil Action No. 06-CV-54, *Clifford Skidmore v. Ron Johnson and Robert Thomas* (Hon. Danny C. Reeves, presiding) ("the First Skidmore Action").

In the First Skidmore Action, the plaintiff claimed that he had two indictments with the same case number and that the defendant attorney (Robert Thomas) would not allow him to show them to the judge. He attached his arrest warrant and an indictment, both having Harlan Circuit Court number 05-CR-067. The warrant, dated February 9, 2005, charged him with, *inter alia*, "receiving stolen property *under* $300"; and the indictment charged "receiving stolen property *over* $300, a Class D. felony." The plaintiff claimed that as early as February of 2005, he asserted his right to a speedy trial to no avail and has now been in jail for more than a year without trial. He asked, "Please allow me to go home, I'm tired of doing time after asking for a Fast and Speedy trial."

On March 27, 2006, the Court dismissed the First Skidmore Action on the grounds that the plaintiff was attempting to ask a federal court to dismiss an indictment or otherwise prevent a state court prosecution. Citing *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976), the Court stated that federal courts do not normally entertain such a claim . The Court noted that in *Brown*, the Fifth Circuit rejected the argument that an indictment should be dismissed because of an alleged violation of the right to a speedy trial, finding that the claim "amounts to an attempt to assert 'an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.'  410 U.S. at 490." *Id*. at 1282-83 (quoting from *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973))." *See* 06-CV-54, Mem. Op. & Ord, p. 2.

The Court informed Plaintiff Skidmore that permitting his §1983 complaint to proceed "would 'short circuit the judicial machinery of the state courts' in violation of a long line of U.S. Supreme Court precedent. *Id.* Such precedent demands that the prisoner must first try his state court remedies before coming to federal court. *See, e.g.*, *Rose v. Lundy*, 455 U.S. 509 (1982)." See 06-CV-54, Mem. Op. & Ord, p. 2. Judge Reeves concluded that based on the record before him, Plaintiff Skidmore had not indicated that he had even *tried* to file a petition for writ of a state habeas corpus in state court. In summary, Judge Reeves clearly instructed the plaintiff that he was first required to raise his speedy trial claim in *state* court, and seek a remedy there prior to filing in federal court. *Id.*, p. 3.

The Court dismissed the First Skidmore Action "without prejudice to the plaintiff's right to bringing a later action, after exhausting all of his state court remedies. *Matlock v. Rose*, 731 F.2d 1236, 1239-41 (6th Cir. 1984)." *See* Mem. Op. & Ord., p.3. The Court informed the plaintiff that Kentucky's highest court must have the first opportunity to review the claims.

## CURRENT §1983 COMPLAINT

In this action, the plaintiff has named the same defendants he named in the First Skidmore Action. The plaintiff's handwriting is in places difficult if not impossible to read, but it appears that he is asserting the same claims here which he advanced in the First Skidmore Action: to wit, the claim that he has been denied a speedy trial in the Harlan Circuit Court, and that his former (perhaps current) attorney, Defendant Robert Thomas, refused to file a motion demanding a speedy trial. He claims that he has been jailed for contempt of court for not being able to hire an attorney. [*See* Supplement to Complaint, p. 1]

Plaintiff states that if the charges against him could be dismissed, he would gladly dismiss

the instant §1983 action, claiming that he has not been given a "preliminary or trial in over a year." He states that "this is far as I want to go & if nothing is resolved I'll have to take this to Frankfort." [*Id.*] He closes his supplement by pleading with this Court to dismiss the criminal charges pending against him in Harlan Circuit Court.

## DISCUSSION

Just as in the First Skidmore Action, the plaintiff has again failed to demonstrate that he has exhausted his claims through the state court system. He has simply reasserted the same claims in a new federal civil action. The abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, (1971), would again bar the instant plaintiff's claims.

When state proceedings are pending, principles of federalism dictate that the constitutional claims should be raised and decided in state court without interference by the federal courts. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17, 107 S.Ct. 1519 (1987); *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir.2001). Three requirements must be met for *Younger* abstention to apply: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate important state interests; and (3) there must be an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir.1995); *Doscher v. Menifee Circuit Court*, 75 Fed. Appx. 996, 997, 2003 WL 22220534, **1 (6th Cir.(Ky.)).

The plaintiff's criminal case still appears to still be pending in Harlan Circuit Court. Therefore, the *Younger* abstention doctrine continues to bar his claims in this §1983 action. His claims will be dismissed without prejudice to his exhaustion in state court.

CONCLUSION

For the reasons discussed herein, it is hereby **ORDERED** that this action [06-CV-237-KKC] be **DISMISSED WITHOUT PREJUDICE**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

Dated this 9th day of June, 2006.

Signed By:
*Karen K. Caldwell*
**United States District Judge**